UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL C. MARKS, III,

        Plaintiff,                      Case No. 1:25-cv-11319

v.                                            Honorable Thomas L. Ludington
                                                   United States District Judge
JENN METZGER,

                                                  Honorable Patricia T. Morris
        Defendant.               United States Magistrate Judge
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFFS' OBJECTIONS, AND (3) DISMISSING CASE WITHOUT PREJUDICE**

Proceeding *in forma pauperis* (IFP), Plaintiff Michael C. Marks, III, alleges that Defendant Jenn Metzger violated his Fourteenth Amendment Substantive Due Process rights. Plaintiff asserts that Defendant, a Midland County Probation Officer, violated these rights when she obtained a state-court order that removed his minor daughter from his custody. Based on those allegations, on May 5, 2025, Plaintiff filed a *pro se* Complaint against Defendant under 42 U.S.C. § 1983. On May 6, 2025, the case was referred to Magistrate Judge Patricia T. Morris for resolution of all pretrial matters. Plaintiff then filed an amended complaint to correct filing deficiencies.

Because Plaintiff proceeds IFP, Judge Morris screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). In so doing, Judge Morris issued a report (R&R) recommending that this Court dismiss Plaintiff's Amended Complaint because the claim was barred by the *Rooker-Feldman* doctrine. Plaintiff objected to the R&R. For the reasons explained below, Plaintiff's Objections will be overruled, Judge Morris's R&R will be adopted, Plaintiff's Complaint will be dismissed without prejudice.

I.

On May 6, 2025, Plaintiff Michael C. Marks, III, filed a *pro se* Complaint against Defendant Jenn Metzger, a Midland County Probation Officer. ECF No. 1. Plaintiff asserts one claim under 42 U.S.C. § 1983, alleging that Defendant violated his Fourteenth Amendment Substantive Due Process rights—namely, parental rights—by obtaining a state-court order that deprived him of custody of his minor daughter. ECF No. 7 at PageID.13–14. When Plaintiff filed his Complaint, he also applied to proceed *in forma pauperis* (IFP). ECF No. 2. On May 7, 2025, after the case was referred to Magistrate Judge Patricia T. Morris for all pretrial matters, ECF No. 4, Judge Morris granted Plaintiff's IFP Application, ECF No. 6. Plaintiff then filed an Amended Complaint to correct filing deficiencies under Local Rule 5.2. ECF No. 7; *see also* ECF No. 8. After that, Judge Morris screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)'s IFP procedures. *See* ECF Nos. 6 at PageID.12; 9.

On May 13, 2025, Judge Morris issued a report (R&R) recommending that this Court *sua sponte* dismiss Plaintiff's Amended Complaint. ECF No. 9. Judge Morris concluded that because his alleged injury stems from the state-court order that deprived him of custody of his daughter, the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction. ECF No. 9 at PageID.24–25 (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). Alternatively, and relatedly, Judge Morris found that Plaintiff failed to state a viable claim because Defendant herself did not cause his injury and was nonetheless entitled to qualified immunity. See ECF No. 9 at PageID.25–26. One day later, Plaintiff objected to the R&R. ECF No. 10.

II.

A party may object to and seek review of an R&R. *See* FED. R. CIV. P. 72(b)(2). If a party properly objects, then "[t]he district judge must determine de novo" the part of the R&R to which the objection pertains. FED. R. CIV. P. 72(b)(3). A party must object timely and with specificity—

failure to do so waives any right of appeal. *Thomas v. Arn*, 474 U.S. 140, 151, 155 (1985) (citation omitted); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Likewise, parties may not "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge issues the R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence the parties presented to the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court can accept, reject, or modify the R&R. FED. R. CIV. P. 72(b)(3).

**III.**

Plaintiff raises two objections. *See* ECF No. 10. First, Plaintiff seemingly asserts that he has stated a viable Fourteenth Amendment claim by providing more detail about the facts underlying his claim. *Id.* at PageID.28–31. Second, in a conclusory manner, Plaintiff argues that Defendant is not entitled to qualified immunity because she violated his clearly established rights. *Id.* at PageID.31–31. But neither Objection addresses the R&R's threshold jurisdictional finding: that this Court lacks subject matter jurisdiction to review Plaintiff's claim under the *Rooker-Feldman* doctrine. *See generally* ECF No. 10.

When a court adopts an R&R without modification, it need not recount the specifics of its review. *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005). Rather, to avoid duplicity and creating confusion in the record, a court should state only that it conducted a *de novo* review and adopts the R&R. *Id.* (citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), aff'd, 290 F. App'x 769 (6th Cir. 2008); *see also Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012).

This Court has reviewed the Amended Complaint, ECF No. 7, the R&R, ECF No. 9, Plaintiffs' Objections, ECF No. 10, and all other relevant documents in the record. Having undertaken a *de novo* review and construed Plaintiff's *pro se* Complaint liberally, this Court concludes that Judge Morris's factual findings are accurate and that her threshold legal conclusion that the *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction is sound. *See McCormick*, 451 F.3d at 393; *see also White v. Knapp*, No. 1:22-CV-10989, 2025 WL 2650900, at *4–6 (E.D. Mich. Sept. 16, 2025). Thus, the R&R, ECF No. 9, will be adopted, Plaintiff's Objections, ECF No. 10, will be overruled, and Plaintiff's Amended Complaint, ECF No. 7, will be dismissed without prejudice.

**IV.**

Accordingly, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 9, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Objections to the Report and Recommendation, ECF No. 10, are **OVERRULED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

**This is a final order and closes this case.**

Dated: October 3, 2025                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge